[No. 3,343.]

## JOHN B. RUSSELL *v.* PATRICK KELLY.

TESTIMONY IN SUIT FOR LIBEL.—In an action for a libel in which the name of the plaintiff is not mentioned, the plaintiff may, for the purpose of proving that the libel referred to him, introduce witnesses to testify that they knew the parties, and were familiar with the relations existing between them immediately prior to, and at the time of the publication, and that on reading the publication they understood the plaintiff to be the person referred to.

IDEM.—In an action for a libel in which the name of the plaintiff is not mentioned, a subsequent publication by the defendant, in which the plaintiff's name is mentioned, may be introduced in evidence to show that the former publication referred to the plaintiff.

CAL. REPS. XLIV—81

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The plaintiff had been employed by the defendant as a salesman and bookkeeper in his boot and shoe store, and he discharged him, and thereafter published in the San Francisco *Chronicle* the following articles, which constituted the libels declared on:

" P. Kelly, prize bootmaker, desires to inform his customers and the public in general, that, owing to the great increase of his business, he has made a change in the ladies' custom department, by discharging those who were incompetent, and employing three of the most experienced artists from New York."

" *To Business Men: Advice from P. Kelly.*—When you have incompetent men in your employ, discharge them at once, as P. Kelly does, and get better ones in their stead.
"P. KELLY,
" Prize bootmaker. of the Pacific Coast."

The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*Porter, Holladay & Weeks,* for Appellant.

The language in this case is not ambiguous, and therefore it was error to allow the witnesses to construe it before the jury. " Where the language is unambiguous it is to be construed in its ordinary sense, and without reference to how those to whom it was published understood it, or what was intended by the publisher." (Townshend on Slander, Sec. 140.) Words uttered must be construed in the sense which hearers of common and reasonable understanding would ascribe to them, even though particular individuals, better

informed on the matter alluded to, might form a different judgment. (*Hawkinson* v. *Bilby*, 16 M. & W. 442.) The judgment of the witness is not to be substituted for the judgment of the jury. (Heard on Libel, Sec. 269.) No writing whatever is to be esteemed a libel, unless it reflects upon some particular person. (Hawk. P. C., Chap. 73, Sec. 9.) Where the language does not concern the particular person, no averment or innuendo can make it so. (*Solomon* v. *Lawson*, 8 Q. B. 823; *Ingram* v. *Lawson*, 6 Bing. N. C. 212; 8 Scott, 571; *Dottarer* v. *Bulsbey*, 4 Har. 208; *Small* v. *Tappan*, 5 Cush. 104.)

*James B. Townsend*, for Respondent.

The libel having omitted the names of the persons to whom it applied, it was necessary for the plaintiff to satisfy the jury by extrinsic evidence that he was one of those persons. (Townshend on Sland. and Lib., Secs. 131, 132, Note 132, Sec. 286; *Miller* v. *Maxwell*, 16 Wend. 9, 16; *Ryckman* v. *Delavan*, 25 Wend. 186, 197; *Fidler* v. *Delavan*, 20 Wend. 57; 2 Starkie on Slander, pp. *51, *52.)

The testimony of the witnesses Fleubacher, Jones, Kast, Painter, Martin, Wilkinson, Seiberlich, and Lumsden, acquaintances of plaintiff, that, upon reading the libels, they understood them to refer to the plaintiff, was competent and proper evidence for the purpose of showing that said libels were not harmless, because their application was not understood, as pretended by defendant. (2 Starkie on Slander, pp. *51, *52, *321; Townshend on Sland. and Lib., p. 116, Note 132, and Secs. 139, 140, and Note 149; *Miller* v. *Maxwell*, 16 Wend. 16, 18; *Kennedy* v. *Gifford*, 19 Wend. 296; *Maynard* v. *F. F. Ins. Co.*, 34 Cal. 48.)

By the Court, CROCKETT, J.:

The action is for libel, founded on certain publications made by the defendant, in which the name of the plaintiff was not mentioned. At the trial witnesses were called by the plaintiff to testify that they were acquainted with the parties and familiar with the relations existing between them, immediately prior to and at the time the publications were made; and that on reading the publications, they understood the plaintiff to be one of the persons referred to. The plaintiff also offered in evidence a subsequent publication made by the defendant (in which the plaintiff was referred to by name) for the purpose of identifying him as one of the persons to whom the preceding publications referred. All this evidence was admitted by the Court, against the objections of the defendant; and this ruling is relied upon as error.

There is some contrariety in the authorities on the question, whether, in any case, it is competent to prove, when the name of the plaintiff is not mentioned in the alleged libel, that the witnesses on reading it understood it as applying to the plaintiff. The following authorities hold that such evidence is not admissible: *Van Vetcher* v. *Hopkins*, 5 Johns. 211; *Gibson* v. *Williams*, 4 Wend. 320; *White* v. *Sayward*, 33 Maine, 322; *Snell* v. *Snow*, 13 Met. 278; *Rangler* v. *Hummel*, 37 Penn. St. R. 130; *Briggs* v. *Byrd*, 11 Ind. 353. A contrary rule was adopted in the following cases: *Smart* v. *Blanchard*, 42 N. H. 137; *Mix* v. *Woodward*, 12 Conn. 262; *Smawley* v. *Stark*, 9 Ind. 386; *Goodrich* v. *Davis*, 11 Met. 484; *Miller* v. *Butler*, 6 Cush. 71; *Leonard* v. *Allen*, 11 Cush. 271; *McLaughlin* v. *Russell*, 17 Ohio, 475; *Tompkins* v. *Wisener*, 1 Snead, 558; *Morgan* v. *Livingston*, 2 Rich. 573; *Commonwealth* v. *Buckingham*, Thachers' Crim. Cas. 29.

The rule as laid down in 2 Starkie on Slander, p. 51, is that the application of the slanderous words to the plaintiff, and the extrinsic matters alleged in the declaration, may be

shown " by the testimony of witnesses who knew the parties and circumstances, and who can state their judgment and opinion on the application and meaning of the terms used by the defendant." At page three hundred and twenty-one it is said that where it is ambiguous on the face of the libel to whom it was intended to be applied, " the judgment and opinion of witnesses, who from their knowledge of the parties and circumstances are able to form a conclusion as to the defendant's intention and application of the libel, is evidence for the information of the jury." The same rule is stated in almost the same language in 2 Greenl. Evidence, Sec. 417. The correctness of this rule, is not only established by the weight of authority, but is supported by every consideration of justice and sound policy. I am, therefore, of opinion that there was no error in admitting oral testimony to show the application of the alleged libel to the plaintiff.

It is equally clear that the subsequent publication was admissible for the same purpose, and this was the only purpose for which it was offered or admitted. This point was expressly decided in *Chubb* v. *Westly*, 6 Car. & P. 436; and *White* v. *Sayward*, 33 Maine, 323. The appeal is without merit.

Judgment affirmed.