[No. 4367.]

# J. D. H. CHAMBERLIN AND ELIZA J. CHAMBERLIN, HIS WIFE, *v.* JOHN VANCE.

SLANDEROUS WORDS HAVING A COVERT MEANING.—It is admissible, in actions of slander, to aver and prove that words which have a covert meaning were intended to defame, and were so understood by those who heard them.

EVIDENCE IN SLANDER.—In an action of slander, words substantially the same as those declared on, spoken by the defendant after the commencement of the action, are admissible in evidence on the question of malice, but the plaintiff can recover no additional damages for such words.

AN OFFER OF EVIDENCE.—When counsel make an offer of evidence, they must offer to prove all the facts which, taken in connection with the facts already proven, are necessary to render the offered evidence relevant, otherwise the court is justified in rejecting the offer.

CROSS-EXAMINATION OF WITNESS.—If a witness has testified, on cross-examination, as to a conversation, the court will not assume that the witness may have omitted a part of the conversation, for the purpose of laying the foundation for a further cross-examination on another subject.

EVIDENCE IN ACTION OF SLANDER.—In an action of slander for words spoken accusing the plaintiff of a crime, evidence on behalf of the defendant, that, by common rumor, the plaintiff was suspected of having been guilty of the crime charged against him, is not admissible.

AGGRAVATION OF DAMAGES IN SLANDER.—If the defendant, in an action of slander, in his answer alleges matters which, if true, would tend to show that the plaintiff was guilty of the crime charged in the slanderous words, and if he does not believe, and has no reason to believe such alleged matters are true, the jury may consider such allegations as showing continuing and express malice, and as matter in aggravation of damages.

VERDICT IN GOLD COIN.—In an action of slander, if the jury assess the damages for the plaintiff in gold coin, the court may disregard so much of the verdict as relates to coin, and enter a judgment which does not specify any particular kind of money.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

The plaintiffs, in their complaint, alleged that they were husband and wife, and that the defendant was keeeping a hotel at Eureka, in the county of Humboldt, and that on the 14th day of December, 1872, in room No. 2 of the hotel occupied by Mr. Graham and his wife, some clothing hanging on a rack was set on fire and partly consumed; and that, on the 16th of the same month, in another room of the hotel occupied by the defendant, some person placed a lighted match on a counterpane, and that the defendant, intending to cause it to be believed that the plaintiff, Eliza J., was guilty of the crime of an attempt to commit arson, said, concerning her. The complaint then proceeded as follows: "She (the said plaintiff meaning) did it (meaning thereby that the said Eliza J. communicated the fire to the said clothes in room No. 2 aforesaid); and that the defendant also said, to certain persons, You (the said persons to whom the said defendant was speaking at the time meaning) don't know her (the said Eliza J. meaning) as well as I (the said defendant meaning) do; she (the said Eliza J. meaning) is cunning (meaning thereby, that the said Eliza J. was a person of a moral character so depraved that she could, and would, be. guilty of communicating a fire to the clothes in said room No. 2, in the manner as hereinbefore set forth). I (the said defendant meaning) have been watching her (the said Eliza J. meaning) for ten days (meaning thereby, that the said defendant had been watching the said Eliza J. to detect her in the act of setting fire to some portion of said hotel)."

Substantially the same allegations were made as to the lighted match placed on the couterpane.

The defendant demurred to the complaint, but the court overruled the demurrer.

On the trial, Mrs. E. M. Abbott was called as a witness by the plaintiff for the purpose of proving what she heard the defendant say on the 10th day of January, 1873, seven days after the suit was commenced.

This testimony was offered by plaintiffs, not for the purpose of proving the words as charged, or any allegations in the complaint as to the publication of the same, but for the purpose of showing express malice; and upon the preliminary examination of Mrs. Abbott by defendant's counsel she testified that she might not be able to give every word the defendant uttered in the conversation, but that she would not give any that he did not utter; that she could detail the whole conversation in substance.

The defendant objected to the testimony of Mrs. Abbott, for the following reasons:

1. The conversation occurred since the commencement of this suit.

2. It is not a repetition.

3. The words have not been proved as laid, and until this is done the *quo animo* cannot be inquired into.

4. The witness does not remember the whole of the conversation.

The court overruled the objection.

Brett, another witness called by the plaintiff, testified as to a conversation he had with the defendant on the sixteenth of December, 1872, in relation to the fire, in which the defendant used language which implied that he thought Mrs. Chamberlin set the fire of that day. On cross-examination of this witness the following occurred:

"I was boarding at the Vance Hotel at the time of this conversation; I have been boarding at the hotel ever since it opened.

" Q. Had you any property situated near said hotel at that time? If so, how near?

"Plaintiff objects—not legitimate cross-examination, and irrelevant.

" Defendant's counsel proposes to prove by witness that he owned buildings located near said hotel, which would have been liable to burn if the said hotel had burned.

" Objection sustained. Defendant excepts to the ruling of the court."

The defendant did not offer to prove that he knew that the witness owned buildings near the hotel.

J. E. Wyman was called as a witness for the plaintiff, to prove malice, and testified as follows:

"I am and was county judge of this county. I believe the fires were spoken of between us twice (that is, Vance and myself). All the fires had occurred when the first conversation took place; it was in Vance's mill office; he was talking to his clerk, Jackson. I don't know how the subject was broached. Vance said the fire had been set twice; and I asked him the question, if he had any idea by whom? He said he did not know, but that suspicion rested on Mrs. Chamberlin, that is all. I can't tell the date of the next conversation; think it was a short time after, on the street, near the butcher shop. Perhaps a day or more after this first convereation, Vance said he thought it was a matter of importance; that he thought it was the duty of the officers to take hold of it. I don't know whether he addressed me as an officer or not. He said nothing more than that his suspicions hadn't been changed."

On cross-examination he said: "I was county judge at the times mentioned; published a newspaper. I was also an insurance agent. Defendant seemed to speak of it as though he had an interest in it. I didn't see anything in it but a narration of facts. Defendant and I were alone when the second conversation took place. I think I told Vance it might come before me, and that he had better consult an attorney, or district attorney."

Defendant's counsel then propounded the following question to the witness:

"Q. Were you an insurance agent at this time, and had you buildings insured near the Vance Hotel?"

"Defendant's counsel offered to show by the witness that he was an insurance agent, and that the statements made to him by the defendant were made to him as insurance agent, for the purpose of showing the communication was privileged and to disprove malice.

"Plaintiffs object that it is not legitimate cross-examination. Court sustains the objection. Defendant excepts."

After the plaintiff rested, the defendant called Mrs. Graham, and asked her the following questions:

"Who was suspected of having set those fires? By whom was she suspected? Did you suspect her? To whom did you communicate your suspicions? What induced you to suspect Mrs. Chamberlin of setting the fire? Did you communicate your suspicions to Mr. Vance? Did you communicate the grounds of your suspicions to Mr. Vance?"

The court, on the objection of the plaintiff, ruled out the proposed testimony.

The second instruction given by the court, and referred to in the opinion, was as follows:

"To entitle the plaintiff to recover, it must be shown—

"1st. That the words charged in the complaint were spoken by the defendant of plaintiffs in the presence and hearing of others.

"2. That the words spoken were false.

"3. That they were spoken with the intent and meaning as alleged, to wit: to impute to the plaintiff 'the crime of an attempt to commit arson,' and that they were so understood by the persons to whom spoken.

"If these facts have been shown to your satisfaction, your verdict must be for plaintiffs, otherwise your verdict must be for defendant.

"In connection with the foregoing, you are instructed that words imputing crime are presumed to be false, and malice is implied from falsity, and the plaintiff is not required to prove falsehood and malice (unless the publication is privileged), but it devolves on defendant to refute the presumption."

The defendant, in his answer, for a separate defense, stated a large number of circumstances in connection with the fires, which circumstances, he alleged, induced him and others, at the time he made the publications charged in the complaint, to believe that the plaintiff, Eliza J., was guilty of setting the fires, and he also averred that he did firmly

believe it, and that the publications were made without malice.

The seventh instruction referred to in the opinion was as follows:

"If you find that defendant in his answer has alleged any fact which, if true, would tend to show that the plaintiff, Mrs. Chamberlin, was guilty of setting either of the fires, and that at the time of filing his answer the defendant had no reason to believe such fact to be true, and has not attempted to sustain the same by proof, you may consider this in estimating damages, as matter in aggravation."

The defendant appealed.

The other facts are stated in the opinion.

*James Hanna, and McElrath & Osment,* for the Appellant.

In the case at bar the prefatory averment is that certain clothing had been burned, and in speaking of and concerning the burning thereof, defendant said: "I have been watching her for ten days. (Innuendo.) Meaning that he had been watching her to detect her in the act of *setting fire to some portion of said hotel*." There is no averment that any portion of said hotel had been fired, or any attempt or threat made to fire it, and this case falls clearly within the rule laid down in *Burnham's Case* (Yelverton, 22).

In alluding to that case, the Supreme Court of Missouri remarked: "The doctrine of this decision has been followed in all the leading cases, both in England and the United States, and this Court has uniformly recognized it. (*Bunday* v. *Hart*, 46 Mo. 464.)

An innuendo cannot supply the place of an averment; neither can it add to or extend the meaning of words. The first intimation that any attempt was made to fire the hotel, or any part of it, or that any one was suspected of anything of the kind, appears in this innuendo. All the introductory averments and the colloquium have express reference to some clothing which was burned in room 2.

An innuendo is not traversable. Neither can it be proved. "I never knew an innuendo offered to be proved." (*Arguendo, Rosewell's Case*, 3 State Trials, 1058; *Van Vichtin*

v. *Hopkins,* 5 John. 226; 1 Am. L. Cases, 150, 162; *Taylor* v. *Kneeland,* 1 Doug. 67; *Johnston* v. *McDonald,* 2 Up. Can. Q. B. R. 209.)

It was clearly error to admit evidence of words not laid in the complaint. If actionable, they were properly the subject of distinct actions. They were not repetitions. They operated as a surprise upon defendant. (1 Am. L. Cas. 246; *Philadelphia, etc.* v. *Quigley,* 21 How. 213; *Hemming* v. *Garson,* Ellis, Bl. & El. 346; *Beadesley* v. *Bridgman,* 17 Iowa, 292; *Letton* v. *Younge,* 2 Met. (Ky.) 563; *Lucas* v. *Nichols,* 7 Jones's L. (N. C.) 36; *Henson* v. *Veatch,* 1 Blackf. 370; *Rundell* v. *Butler,* 7 Barb. 262.)·

Mrs. Abbott's testimony was clearly inadmissible, because:

The words testified to by her were not alleged in the complaint; they were not a repetition; they form the subject of another action, and plaintiffs could bring another action upon them (if actionable), notwithstanding they were given in evidence in this suit, and a recovery had; they were published after the commencement of this action; they operated as a surprise upon defendant; the evidence was incompetent to enhance damages, the purpose for which it was offered.

Mrs. Abbott's was the most material testimony introduced, and for all the reasons above set forth should have been excluded.

Rumors are admissible in evidence in actions of slander.

Lord Ellenborough admitted the evidence in *Sir John Eamer* v. *Merle.*

Gibbs, C. J., admitted it in *Wyatt* v. *Gore,* Holt's N. P. C. See 2 Selwyn's Nisi Prius, 1059 (note 2).

It was admitted in the following cases: *Earl of Leicester* v. *Walter,* 2 Camp. 251; *Leister* v. *Smith,* 2 Root, 24; 6 Robinson's Prac. 879.

We are aware that this Court has decided in the late case of *Wilson* v. *Fitch* (41 Cal. 363), that rumors are not admissible either in justification or in mitigation; and no doubt this is correct when properly understood. It is commonly said that words other than those averred are not admissible in evidence to enhance damages, but are admissible to prove malice. So it may with equal propriety be said that rumors

of plaintiff's guilt are competent to go to the jury, not upon the question of damages, but upon the question of malice; and this is the purpose for which the evidence was offered.

*Chamberlin & De Haven,* for the Respondents.

If it were necessary to aver a felonious attempt to burn the hotel, it would be necessary to prove it on the trial; and if so it were material to allege that it was rumored that such attempt had been made, plaintiff would be compelled to prove it upon the trial. A learned judge has disposed of appellant's argument thus:

"It was said on the argument that it should have been set forth in the declaration, as inducement to the alleged charge, that the plaintiff's barn had been insured, in order to support the innuendoes. If such averment should be held material, it must have been proved on the trial; and the consequence would be that no person charged with crime, even in the very language of the statute, could vindicate his character or obtain redress for the injury unless the building he was charged to have burned was in fact insured. The law cannot be so defective." (*Case* v. *Buckley,* 15 Wend. 328.)

Appellant seems to entirely ignore the allegation in the complaint, that to injure the plaintiff and to cause it to be suspected and believed of her that she was guilty of the crime of an attempt to commit arson, he spoke the alleged words.

To render words actionable, there need not be the same certainty in stating the crime imputed as in an indictment for the crime. "The complaint does not allege that defendant charged, or intended to charge, plaintiff with willfully, maliciously, or feloniously firing or attempting to fire the hotel."

Nor was the pleader, by any rule of law we ever heard of, required to state the crime imputed, as if, instead of a complaint, he were drawing an indictment for such a crime. (*Miller* v. *Miller,* 8 Johns, 73; *Niven* v. *Munn,* 13 Johns, 48.)

Appellant makes the point that the testimony of Mrs. Abbott was improperly admitted; his objections can all be

considered under this general statement.  First. The words testified to by her were not alleged in the complaint, and were therefore not a repetition.  Second. That they were published after the commencement of the action.

This evidence was received only for the purpose of proving express malice, and was properly admitted.  Although she testified to the speaking of more words than were charged in the complaint, yet the additional words did not change the alleged meaning of those laid, and all had reference to the same slander.  The rule is well established that a plaintiff may prove more words than are set forth in the complaint, provided the additional words do not change the meaning of those set forth. (Townshend on Slander and Libel, Sec. 365.)

These words proven by Mrs. Abbott were spoken after the commencement of the suit, and as they related to the same slander for which this action was brought, were admissible.  (*Kennedy* v. *Gifford*, 19 Wend. 300; *Norris* v. *Elliott*, 39 Cal. 74; *Partner* v. *Anderson*, 33 Ala. 78; *Bassel* v. *Elmore*, 48 N. Y. 564; *Bodwell* v. *Swan*, 3 Pick. 378; *McIntyre* v. *Young*, 6 Blackf. 498; *Thorne* v. *Knapp*, 42 N.Y. 478.)


By the COURT:

The demurrer to this complaint was properly overruled. The complaint avers: "And in that behalf plaintiff further alleges as a fact, that by all the foregoing false, malicious and defamatory words, the said defendant intended to convey the further meaning, and that the said words were by the said persons in whose presence and hearing they were so uttered and published, understood and believed to convey the meaning that the said Eliza J. communicated the fire to the said clothes in the said room No. 2, at the time and place aforesaid, as hereinbefore set forth, and that she, the said Eliza J., was guilty of the heinous crime of an attempt to commit arson." It is admissible in actions of slander and libel to aver and prove that words which have a covert meaning were intended to defame, and were under-

stood in a particular sense by those who heard or read them. (*Maynard* v. *F. F. Ins. Co.*, 34 Cal. 59.)

The words testified to by the witness Abbott, do not enlarge the meaning of the words of the complaint, if construed in accordance with the averment above recited. The words testified to by the witness were spoken after the commencement of the action, but as they were substantially the same as those declared on, they were admissible to prove the *quo animo* with which the alleged slander was originally published. The words spoken after were of similar import to those spoken before this action was brought. They may be considered a repetition, and so were admissible on the question of malice. (*Kennedy* v. *Gifford*, 19 Wend. 300; *Bodwell* v. *Swan*, 3 Pick. 378.) It would, perhaps, have been the duty of the court, had counsel requested it, to charge the jury that no additional damages could be given for the publication of the words spoken after the commencement of the action, as for a publication of a distinct slander, and that they were to be considered only with reference to the motives with which the words declared on were spoken. But the record does not show that counsel so requested.

The fact that the witness Brett had buildings near the hotel, although not of any consequence in itself, might have been admissible in connection with proof of other facts (as that the defendant knew of such ownership), which would show its materiality. But when counsel make an " offer " of evidence it must appear that the facts offered to be proven, in connection with facts as to which evidence has already been taken, are relevant; otherwise the court is justified in sustaining an objection to the offer. The offer must be complete in itself, and must not omit facts, without which the facts offered are not relevant.

The whole conversation between defendant and the witness Wyman, as well as the triplicate occupation of the latter—county judge, publisher of a newspaper, and insurance agent—seem to have been made known to the jury. Under the circumstances, we are not prepared to say that the witness might possibly have omitted a part of the conversation, which would have indicated more clearly that the

defendant spoke the words to him in his character as "insurance agent;" nor can we believe that defendant was injured by the action of the District Court in sustaining the objection to his "offer."

The court below properly rejected evidence of rumors of plaintiff's guilt. (*Wilson* v. *Fitch*, 41 Cal. 384.)

We think the second instruction of the District Court is not obnoxious to the criticism to which it has been subjected by appellant, and that the seventh instruction given at the request of plaintiff, is not erroneous. Facts were alleged in the answer which, if true, would tend to prove the plaintiff guilty of setting the fires. The court could have assumed the existence of such allegations, and have based its instructions on them. The mere circumstance that it put the matter to the jury hypothetically, "If you find that defendant has alleged" such facts, etc., could not have misled the jurors. In principle, the charge was correct. If the defendant willfully alleged the existence of such pretended facts, not believing or having no reason to believe them to be true, this might properly be considered by the jury *as showing a continuing and express malice.* The defendant in an action of slander cannot abuse his privilege of pleading any appropriate matter as a bar, or in mitigation of damages, by spreading on the record a renewed wanton and malicious assault upon the reputation of his adversary.

Judgment and order affirmed.

By the COURT, on petition for rehearing:

The action is for slander, and the verdict was for the plaintiffs for $5000 "gold coin." In entering the judgment the court disregarded so much of the verdict as calls for gold coin, and entered a judgment for the $5000 generally, without specifying any particular kind of money in which it shall be paid. In the petition for a rehearing, our attention is specially called to this point, and the judgment is claimed to be erroneous as not in accordance with the verdict. The same point was raised in *Watson* v. *S. F. and H. B. R. R. Co.* (50 Cal. 524), in which we held that the

course pursued by the court below is the proper one in such cases.

Rehearing denied.