[No. 8343.   Department One. — May 28, 1885.]

GEORGE F. NIDEVER, BY HIS GUARDIAN AD LITEM, E. NIDEVER, RESPONDENT, v. R. F. HALL, APPELLANT.

SLANDER — WORDS NOT ACTIONABLE PER SE — PLEADING EXTRANEOUS FACTS — BURDEN OF PROOF — EVIDENCE. — In an action for slander, where the words spoken were not actionable *per se*, and the complaint alleges extraneous facts showing their slanderous meaning, the plaintiff must prove such extraneous facts, and the defendant may give evidence to the contrary under a general denial.

ID. — UNDERSTANDING OF WORDS BY HEARERS. — In such a case, the plaintiff must aver and prove that the words were actually used in their actionable sense, and were applied to him, and that the hearers so understood them. Upon this latter point, the testimony of the hearers, as to how they understood the words, is admissible.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. S. Kittredge, A. Craig,* and *S. F. Geil,* for Appellant.

*H. V. Morehouse,* for Respondent.

McKEE, J. — This is an action of slander. Substantially the charge is, that pending an action for seduction, brought by Barbara M. Hook against James A. Hall, R. F. Hall, the father of the said James A., in the presence of the father of the plaintiff in this case, and in the presence of several other persons, published of and concerning the plaintiff these words: "He (the plaintiff) virtually acknowledged to me that he had sexual intercourse with Barbara M. Hook"; and that by the publication of these words to his father and to the other persons, pending the suit for seduction, the defendant intended to impute to him a want of chastity.

At common law the words laid in the complaint were not actionable in themselves, or by reason of the existence of extraneous acts and circumstances tending to prove that they were spoken for the purpose of imputing a want of chastity, because unchastity as a subject of ecclesiastical cognizance was not punishable in common-law courts. In that particular, however, the common law has been changed by the Code law of the State. Section 46 of the Civil Code declares: "Slander is a false and unprivileged publication other than libel, which: —

"1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;

"2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;

"3. Tends directly to injure him in respect to his office, profession, trade, or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profit;

"4. Imputes to him impotence or a want of chastity; or,

"5. Which, by natural consequence, causes actual damage."

And upon subdivision 4 of the section this action was brought.

Plaintiff did not consider the words laid in his complaint as slanderous in themselves; he, therefore, connected them by proper averments with the extrinsic facts and circumstances in which they were published in order to show the slanderous meaning expressed by them.

On the complaint· defendant took issue by specific denials of each of its averments; and he affirmatively alleged that there was, in general circulation, in the neighborhood and surrounding county where Barbara M. Hook and the plaintiff resided, a report prejudicial to the character of the plaintiff as to his chastity, in connection with the name of the said Barbara, and for the purpose of ascertaining the truth of the report he interviewed the plaintiff himself on the subject; and in that interview the plaintiff acknowledged that the report was true; and afterwards, when the father of the plaintiff and other persons made inquiries of him as to the matter, he spoke to them the words laid in the complaint, without meaning or intending thereby to assert or charge that the plaintiff was, in fact, guilty of unchastity.

The issues raised by the answer involved the publication of the words laid in the complaint, the truth or falsity of the extrinsic facts and circumstances in which they were published, whether they were published concerning the plaintiff, and whether they were understood by the persons in whose presence they were published to have the slanderous meaning imputed to them.

On the trial of the questions at issue plaintiff rested his case, upon evidence tending to prove the publication of the words as averred in his complaint, the pendency of the action for seduction, and the conversations between defendant and himself and defendant and other persons, as to the transactions involved in that action, without evidence that the persons with whom the defendant had those conversations understood the meaning of the words to be what the plaintiff alleged. There was a motion made for a nonsuit which was denied. The defendant was then called as a witness in his own behalf, to testify as to the conversations between himself and the plaintiff and other persons in connection with the charge against him, the transactions involved in the seduction case, and the facts and circumstances in which he spoke the words laid in the complaint, but the plaintiff objected " to any testimony being introduced on the part of defendant for purposes of justification," and the court sustained the objection on the ground that the defendant had not pleaded justification; therefore the testimony of the defendant was

excluded from the case except in mitigation of damages, for which purpose only it was admitted. This was error.

The action was founded not only upon the publication of the words, but upon the extrinsic facts in connection with their publication, which it was alleged, gave them their slanderous meaning; and as the defendant took issue with the averments of the complaint, the plaintiff, to make out his case, was bound to prove all the material averments; and the defendant, on the general issue, had the right to disprove them. The law of that subject is thus clearly expressed by Shaw, C. J., in *Carter* v. *Andrews*, 16 Pick. 6: "Where words are used in a particular sense it is in consequence of some usage or agreement, or of some report in circulation, or of the time, place, or manner in which the conversation was held; in short, of some fact, capable of being averred in a traversable form, so that it may be put in issue and proved or disproved. If the words have the slanderous meaning alleged, not by their own intrinsic force, but by reason of the existence of some extraneous fact, the plaintiff must undertake to prove that fact and the defendant must be at liberty to disprove it." The exclusion of the testimony was therefore erroneous, and, as the words in themselves were not actionable, and the plaintiff failed to prove that the persons, in whose presence they were published, understood them to have the slanderous meaning charged by the plaintiff, the judgment is erroneous.

It has been held that persons who heard the words charged to be slanderous, could not be permitted to state what meaning they understood the defendant to convey by the words. In *Snell* v. *Snow*, 13 Met. 278, which was a case of slander, Shaw, C. J., passing on this point, says: "The judge very properly decided that the witness might testify as to any existing facts or circumstances to which the defendant alluded and referred, if any; but having given the whole conversation, it was for the jury to determine what was meant by the language used, and that it was not competent for the witness to testify to his understanding of the defendant's meaning in the language used. If the words in their ordinary sense, according to the rules of language, imputed a charge of unchasteness and crime, or if taken in connection with other facts or words, they would bear that meaning, we are to presume that the jury would so find."

To the same effect will be found the cases of *Van Vechten* v. *Hopkins*, 5 Johns. 211; 4 Am. Dec. 339; *Gibson* v. *Williams*, 4 Wend. 320, 325; *Beardsley* v. *Maynard*, 4 Wend. 359; *Goodrich* v. *Davis*, 11 Met. 484; and *White* v. *Sayward*, 33 Me. 322.

But in such cases as the one under consideration, the true rule deducible from the modern authorities, including those of our own State, makes the averment and proof of the extrinsic facts in which words are published, and of their meaning in connection with those circumstances, essential to a recovery in the action. The rule is thus stated in *Maynard* v. *Firemen's Fund Insurance Company*, 34 Cal. 48: "Where in an action for libel the words complained of are not *per se* libelous, what the defendant intended and understood them to mean, and what they were understood to mean by those to whom they were published, constitute a proper subject of averment in pleading and of proof on the trial, and if what was so intended and understood by the defendant and understood by those to whom the words were published was libelous, the words are actionable." The law thus enunciated was afterwards approved in *Chamberlain* v. *Vance*, 51 Cal. 75, which was an action of slander like the one under consideration; and under the law it was incumbent on the plaintiff in this case in order to recover, to aver and prove: (1) That the words were actually used in their actionable sense, and were applied to the plaintiff. (2) That the hearers so understood them; and upon this point, the testimony of the hearers as to how they understood them is admissible. (*Smart* v. *Blanchard*, 42 N. H. 149; *Russell* v. *Kelly*, 44 Cal. 641; *Mix* v. *Woodward*, 12 Conn. 262; *Nelson* v. *Borchenius*, 52 Ill. 236; *Briggs* v. *Byrd*, 11 Ired. 353; *Tompkins* v. *Wisener*, 1 Sneed. 458; *Leonard* v. *Allen*, 11 Cush. 271.)

The averments of the complaint upon these points were sufficient, but as the plaintiff failed to prove how the words were understood by the persons who heard them, he failed to make out his case, and the verdict and judgment are erroneous.

Judgment and order reversed and cause remanded for a new trial.

Ross, J., concurred.

McKINSTRY, J., concurred in the judgment.

Hearing in Bank denied.