[No. 12.   Third Appellate District.—June 6, 1905.]

# W. W. GREENE, Appellant, v. G. G. MURDOCK, Respondent.

SLANDER—WORDS NOT ACTIONABLE PER SE—OPENING LETTER ADDRESSED TO DEFENDANT—CRIME NOT IMPUTED.—A charge by the defendant that the plaintiff had opened a letter addressed to the defendant from his attorney, without stating that it was done without authority and willfully, is not actionable *per se* as imputing a crime.

ID.—COMPLAINT NOT PROVED—NONSUIT.—Where the complaint alleged that the words spoken were understood by those who heard them as imputing a crime, and the answer admitted the words spoken and

alleged their truth, but denied all the other allegations of the complaint, and the plaintiff rested with mere proof of the defendant's property, a nonsuit should have been granted.

ID.—IMMATERIAL ERROR IN INSTRUCTIONS.—Where, under the pleadings and the evidence, the plaintiff was not entitled to a verdict, he is not prejudiced by erroneous instructions to the jury.

APPEAL from a judgment of the Superior Court of Lake County and from an order granting a new trial. R. W. Crump, Judge.

The facts are stated in the opinion of the court.

T. J. Sheridan, and Thomas B. Bond, for Appellant.

Crawford & Crawford, and M. S. Sayre, for Respondent.

BUCKLES, J.—This was an action for slander. The case was tried with a jury. At the trial the plaintiff called and examined the defendant as to his property and rested. Defendant moved a nonsuit which was denied. The defendant then produced witnesses who gave testimony tending to prove the defense of justification pleaded in his answer, and testimony also in mitigation of damages, and to disprove malice on the part of defendant in uttering the words complained of, and rested. Plaintiff in rebuttal then produced witnesses who gave testimony tending to disprove the defense of justification pleaded in the answer. The case was then submitted to the jury, and the jury found a verdict for the defendant, and the court rendered judgment for the defendant for his costs, —to wit, $268.81. A motion was made for a new trial, which motion was denied.

Appeal is taken from the judgment and the order denying a new trial. Briefly, the complaint charges that defendant accused plaintiff of opening a sealed letter from Richard Bayne, his attorney, to his damage in the sum of five thousand dollars. The charge is as follows to wit:—

"The plaintiff is informed and believes that on or about the 15th day of December, A. D. 1900, at the residence of the defendant aforesaid, in the county of Lake, the defendant, in a certain discourse which he then and there had, addressing the said Frank Greene, and in the presence and hearing of the said Frank A. Greene, and the said Andrew Jones and the

said Zeno Jones, falsely, slanderously and maliciously spoke, published and uttered of and concerning the plaintiff the false, slanderous and malicious words following: 'Your father (meaning the plaintiff) damaged me hundreds of dollars, your father (meaning plaintiff) opened a letter of mine of great importance to me from my attorney, Mr. Bayne of San Francisco (meaning the said Richard Bayne, Esq.), and the defendant meant by such words, and desired and intended to be understood to mean by them and was in fact by the said Frank A. Greene, and Andrew Jones and Zeno Jones, understood to mean by them that this plaintiff willfully and unlawfully opened and read a sealed letter not addressed to himself without being authorized so to do either by the writer of such a letter or by the person to whom it was addressed, and he did so with the design to pry into the business and secrets of defendant and did secrete, embezzle and destroy the said letter.''

The answer admits the defendant uttered the words complained of, ''but denies that said words or any of them were false, slanderous or malicious or that they or any of them were falsely, slanderously or maliciously spoken, published or uttered, but avers upon his information and belief that said words were and are true.'' The answer also denied all other material allegations of the complaint. The appellant contends that the words spoken were actionable *per se*, or at least made so by the admissions in the answer. In this state the law does not make the mere opening and reading of a sealed letter of another a crime    (See Pen. Code, sec. 618.) It must have been willfully done; and to simply say, ''You opened and read a letter addressed to me,'' is not charging or imputing to such person a crime. To open and read a sealed letter of another is a crime when done without authority and willfully. It is not alleged that defendant charged plaintiff with willfully opening a letter; and therefore the words spoken, standing alone, are not actionable as imputing to the plaintiff a crime. Plaintiff evidently took this view of the question when he drew his complaint for he alleges that the words were actionable, and the defendant meant by the words spoken that he, plaintiff, had willfully and unlawfully opened and read a sealed letter addressed to himself without having been authorized to do so by either the writer

or by the one addressed, and that he did so with the design to pry into the business and secrets of defendant, and that it was so understood by the persons who heard the words spoken. (*Nidever* v. *Hall,* 67 Cal. 79, [7 Pac. 136].)

The nonsuit should have been granted. As has been seen, the words spoken were not actionable *per se.* Any other verdict than the one rendered would have been clearly against law, being without evidence to warrant it.

It is said in *Green* v. *Ophir etc. M. Co.,* 45 Cal. 527 [522] : "And it is the settled rule of this court not to reverse judgments for errors in instructions when it is apparent that the verdict would have been the same with correct instructions." If the instructions given were erroneous, and some of them were, the appellant was not injured thereby, because under the pleadings and the evidence he was not entitled to a verdict.

"Where the court lays down an erroneous principle of law, but it appears that nevertheless the verdict of the jury is necessarily correct upon the evidence before them, or where as in this case, a new trial should have been granted if the jury had not returned the special verdict, the error is harmless." (*Hughes* v. *Wheeler,* 76 Cal. 233, [18 Pac. 386] ; *Robinson* v. *Western Pacific R. R. Co.,* 48 Cal. 424; *In re Spencer,* 96 Cal. 450, [31 Pac. 453] ; *In re Briswalter,* 72 Cal. 109, [13 Pac. 164] ; *Edwards* v. *Wagner,* 121 Cal. 378, [53 Pac. 821] ; *Mitchell* v. *Donohue,* 100 Cal. 211, [38 Am. St. Rep. 279, 34 Pac. 614].)

The judgment and the order denying the motion for a new trial are affirmed.

McLaughlin, J., and Chipman, P. J., concurred.