[No. 11774.  In Bank. — February 23, 1887.]

IN THE MATTER OF THE ESTATE OF ANDRE BRIS-WALTER, DECEASED.  CELEDONIA GUIRADO DE BRISWALTER, APPELLANT, v. I. W. HELLMAN ET AL., RESPONDENTS.

ESTATE OF DECEDENT — PROBATE OF WILL — CONTEST — ISSUE AS TO MARRIAGE — INSTRUCTIONS. — On the trial of a contest to the probate of a will, made by the alleged surviving wife of the testator, and in which issue is raised as to the fact of her marriage with the deceased, an erroneous instruction as to what constituted legal marriage at the time when that relation is alleged to have existed between them will not warrant a reversal, if the evidence conclusively shows that no marriage ever existed.

Appeal from an order of the Superior Court of Los Angeles County admitting a will to probate, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Wells, Van Dyke & Lee,* and *Wicks & Bentley,* for Appellant.

*Glassell, Smith & Lee,* and *Bicknell & White,* for Respondents.

McFarland, J.—Andre Briswalter died April 20, 1885, leaving a will in which the respondents, Hellman, Hammel, and Denker, were named as executors, who petitioned to have it admitted to probate, and for letters testamentary. The appellant, calling herself Celedonia Guirado de Briswalter, and claiming to be the surviving wife of said Andre Briswalter, deceased, filed written grounds of opposition to the probate of said will. Respondents then filed an answer and petition, in which they denied that appellant was the surviving wife of the deceased, or had any interest in his estate, and objected to her right to make a contest of the probate of said will, and prayed that said contest be dismissed.

The other respondents, Louis and Christina Mesmer, two of the beneficiaries under the will, also filed similar objections to the hearing of the contest. The appellant filled an answer averring specifically that she was such wife. The issue thus made was submitted by the court to a jury, who found that the appellant was not the surviving wife of said deceased. Appellant moved to set aside the verdict, and for a new trial of said issue, and her motion having been denied, she appeals from the order denying the new trial, and also from the judgment and order of the court dismissing said contest and admitting said will to probate.

The only ground for reversal contended for by appel-

lant which we deem it necessary to particularly notice
is the alleged error of the court in instructing the jury
what constituted legal marriage at the time when that
relation is claimed to have existed between appellant
and the deceased. It was admitted by appellant that
there never was any ceremony between deceased and
herself before any officer or person authorized to solem-
nize marriages; but she testified that, commencing in
the year 1861 and ending in 1864, there were such
facts of intimacy and cohabitation and mutual assump-
tion of the marital relation by and between them as con-
stituted in law a marriage. Now the court instructed
the jury, substantially, that prior to January, 1873,
there could be no legal marriage in this state without
the ceremony and solemnization required by the statutes
then in existence; and that although without direct evi-
dence of such solemnization, it might, under some cir-
cumstances, be presumed, from the existence of other
facts, yet that such presumption would be overcome by
the admission or clear proof that the conditions neces-
sary to a legal marriage never were in fact complied
with. But whether or not this instruction was errone-
ous,—and we do not decide that it *was* erroneous,—the
evidence, admissions, and proven facts in this case show
clearly that the relation between the appellant and the
deceased was *not* marriage under the most liberal con-
struction of the law upon that subject. If the instruction
objected to had not been given at all, the jury would
have been bound to find as they did; and if they had
found for appellant, their verdict should have been set
aside as against the evidence. The proof is overwhelm-
ingly to the point that appellant and the deceased
never publicly assumed the marriage relation toward
each other; that they never lived as husband and wife
"in the face of their neighbors"; that she did not take
and was not known by his name; and that the relation
between them was generally recognized as meretricious.

Her own acts show that she did not consider the relation that of marriage; because after she quit living with the deceased, and ten years before his death, upon a marriage license regularly issued by the county clerk of Los Angeles County, in which she was named "Celedonia Wilburn," she was solemnly married by a justice of the peace to one Andres Souer, with whom she has lived ever since as his wife. Under these circumstances, there is no need of a critical examination of abstract questions about the law of marriage. If we deemed the instruction to the jury erroneous, we would not reverse the judgment; because under any instructions upon the subject which we could hold to be correct, the verdict should have been for respondents. (*Green* v. *Orphir Co.*, 45 Cal. 527.)

With these views of the case, it is unnecessary to note minor points made by counsel, further than to say that we see no material errors in the ruling of the court below.

Judgment and orders affirmed.

THORNTON, J., TEMPLE, J., SHARPSTEIN, J., PATERSON, J., McKINSTRY, J., and MORRISON, C. J., concurred.

Rehearing denied.