[L. A. No. 1781.    In Bank.—April 2, 1907.]

# B. W. HAMLIN, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY, Respondent.

NEGLIGENCE—STREET ' RAILWAY—DUTY OF TRAVELER ON TRACK—REASONABLE CARE.—One riding or walking along the track of a street-railway company must use reasonable care in the exercise of his faculties of sight and hearing to watch and listen for cars going in either direction. A failure to hear or see the car is not, *per se,* proof of negligence in all. cases. Whether such exercise of the faculties as, under all the circumstances of the case, was reasonable, would have averted the injury is a question of fact. The degree of vigilance to be exercised by the person on the track is to be determined by the jury, and not laid down as matter of law, wherever the question of contributory negligence is proper to be submitted to the jury at all.

ID.—BICYCLE RIDER — INSTRUCTION — CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In an action by one riding a bicycle along the track of a street railway, to recover for personal injuries inflicted by a car of the defendant, an instruction to the jury which required the exercise by the plaintiff of a greater degree of care than the law demanded is without prejudice, and will not warrant a reversal of a judgment for the defendant, when the undisputed evidence contained in the record on appeal showed that the plaintiff's conduct while so riding was so lacking in every element of proper care for his own safety that the court would have been bound to set aside any verdict based upon a finding that he had not been guilty of contributory negligence.

ID.—APPEAL—ERROR IN INSTRUCTION MUST BE SHOWN BY EVIDENCE.—It is incumbent upon the party appealing to show, not only abstract error, but error prejudicial to him upon the facts in evidence, and to avail himself of the point that an instruction was erroneous, he must bring before the court sufficient evidence to show that, upon a proper instruction, there might have been a finding in his favor.

ID.—LAST CLEAR CHANCE.—In such an action, an instruction purporting to state the law on the subject of the care to be exercised by the plaintiff to avoid injury, which is silent as to the law of the "last clear chance" doctrine, is not erroneous, if the instructions taken as a whole fully charged the jury as to that doctrine.

ID.—INSTRUCTION ·ASSUMING FACTS — EVIDENCE SUSTAINING ASSUMPTIONS.—It was not error to charge the jury that "If you find from the evidence that the motorman in charge of defendant's car, when about a block away from the point of the accident, saw the plaintiff riding upon his bicycle between the inner rails of the defendant's east-and-west tracks, and far enough away from the track on which

he was propelling his car so that his said car could have passed the said plaintiff safely, and that he gave warning of· his approach, and that the front of his car did pass the plaintiff, and that the plaintiff then, either through excitement or otherwise, lost his balance, veered in towards the car, and that the hind step of said car struck plaintiff, and that the said car was traveling upon a straight track at the time of the accident, then I charge you that your verdict must be for the defendant,'' when there was evidence which, if believed by the jury, sustained each element of the hypothesis stated in the instruction.

ID.—PRESUMPTION OF CARE IN STARTING TO RIDE ON TRACKS.—Where all the evidence showed that the plaintiff had been riding along or upon the track for a block and a half before he was struck by the defendant's car, it is immaterial whether he had exercised due care at the time he started to ride along the street; and an instruction that the law presumes, in the absence of evidence to the contrary, that he looked and listened to ascertain whether a car was approaching from the rear, before getting upon the track, is properly refused as being inapplicable to the facts.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. H. Ardis, and Kendrick & Knott, for Appellant.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Norman S. Sterry, for Respondent.

SLOSS, J.—This action was brought by the plaintiff to recover damages for personal injuries sustained by him. Plaintiff was riding on a bicycle along a street in the city of Los Angeles, when he was overtaken and struck by an electric car operated by the defendant. The verdict was in favor of the defendant, and plaintiff appeals from the judgment upon this verdict and from an order denying his motion for a new trial.

The only points made by appellant are that the court erred in giving two instructions to the jury, and in refusing to give a third one upon the request of the plaintiff.

1. Complaint is made of the following instruction given by the court: ''The tracks of a street-railway company are in themselves a sign of danger, and one riding along or

between the tracks of a street-railway company must exercise his faculties of sight and hearing to watch and listen for cars going in either direction; *and if by exercising his sight and hearing, he could see or hear the car approaching either in front or behind him and he fails to see or hear such car and is injured thereby, and his failure to see or to hear the car contributes in the slightest degree or in any manner whatever directly or proximately to the collision between himself and the car, then I charge you that he cannot recover for any injuries he may sustain by such a collision."* No particular criticism is directed against the first part of the instruction. The contention is that the italicized portion is erroneous, in that it requires one riding along or between the tracks of a street-railroad company to exercise more than reasonable care to avoid injury, and debars him from recovery if it was at all possible for him, under any circumstances, to have seen or heard an approaching car. In other words, the instruction in effect requires one upon the track to maintain a constant watch in every direction, and declares that if, by maintaining such watch, and at the same time using his faculty of hearing, he could have seen or heard an approaching car in time to avoid a collision, his failure to see or hear it is, as a matter of law, negligence. As a statement of an abstract legal proposition we think this instruction laid down too stringent a rule, as applied to the conduct of persons proceeding along a street-railroad track. Generally, whether a party has been negligent is a question of fact depending upon a consideration of all the circumstances surrounding the case. And this, like other questions of fact, is to be determined by the jury under proper instructions from the court. "The rule is, that negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions can be rationally drawn from the evidence." (*Herbert* v. *Southern Pacific Co.,* 121 Cal. 227, [53 Pac. 651].) There are, however, certain classes of cases which have occurred so frequently that a definite standard of care required in particular circumstances has been laid down by the courts, and in each of such classes there has been developed a rule declaring that a failure to comply with such standard is, as a matter of law, negligence. Thus it is well settled that the "railroad track of a steam railway must itself be regarded as a sign of danger,

and one intending to cross must avail himself of every opportunity to look and to listen for approaching trains.'' (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651].) ''His failure to so act is negligence which, notwithstanding the negligence of the defendant, the law regards as such a contributory cause on his part as will make the injury his own misfortune, and relieve the other party from liability therefor.'' (*Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 137, [14 Pac. 518].) It follows that, while as an ordinary rule the question of whether a party has or has not exercised due care should be left to the jury, yet, where the standard of conduct required of persons under given circumstances is so obvious as to be applicable to all persons under such circumstances, the court may properly instruct the jury that a failure to conform to that standard is in itself negligence. Undoubtedly the rule requiring a person about to step upon the track of a steam railroad to use his faculties in order to ascertain whether a train is approaching, where the use of such faculties would have revealed to him the approach of the train, applies with equal force to a person who has entered upon and is proceeding along that track. A failure to employ such precautions while in this position of danger is negligence. (*Holmes* v. *South Pacific Coast Ry. Co.*, 97 Cal. 161, [31 Pac. 834].)

The situation as to street railroads differs so materially that the same rule should not be applied to one proceeding along the streets of a city upon or in proximity to the tracks of a street-railroad company operating thereon. From the very nature of the operation of steam railroads, it is not to be expected that a train of great weight and propelled at a high rate of speed can be readily stopped in order to avoid collision with persons who may be upon its tracks. It is essential that any one seeking to use the space occupied by the tracks should give way to trains operated thereon. But in the case of street railroads in cities, the use of the streets must to a certain extent be common to both the street-railroad company and other persons having occasion to use the streets. (*Bailey* v. *Market-Street Cable Ry. Co.*, 110 Cal. 320, [42 Pac. 914].) It is a matter of every-day observation that the portion of the street occupied by street-railroad tracks is continually used, and must be used, by other vehicles and by foot-

passengers. While the street-car has, from the necessities of
the case, a right of way upon the street superior to that of
others, its better right is not exclusive. (*Bailey* v. *Market-
Street Cable Ry. Co.*, 110 Cal. 320, [42 Pac. 914].) No doubt
one who has entered upon the portion of the street occupied
by the tracks of a street-railroad company, and is proceeding
along said tracks, is bound to exercise such care to protect
himself from injury as is appropriate to the case, but it can-
not, as a matter of law, be said that a failure to maintain
a constant watch and to listen for cars approaching in either
direction is in itself negligence. (*Mahoney* v. *San Francisco
etc. Ry. Co.*, 110 Cal. 471, [42 Pac. 968].) Manifestly it is
impossible for one driving a vehicle along a street to look in
both directions at once, and it should ordinarily be left to
the jury to determine, under the circumstances of each par-
ticular case, what amount of vigilance was requisite in order
to constitute due care.

But it is urged that the contrary has been definitely decided
by this court in *Everett* v. *Los Angeles etc. Ry. Co.*, 115 Cal.
105, [43 Pac. 207, 46 Pac. 889], and that the rule as there
declared supports the instruction given in the case at bar.
There, as here, a bicycle rider upon the railroad track was
struck by a car going in the same direction. It was held
that, there being nothing to prevent his seeing or hearing
the car, if he had looked or listened for it, he was, as a matter
of law, guilty of contributory negligence. After referring to
the rule applicable to persons crossing the tracks of steam-
railway companies, requiring them to "listen and look to
ascertain whether danger is threatened," the court says:
"With greater reason does the principle of this rule apply
to one who is traveling laterally along the route of a railroad,
and knows that engines will soon follow. It is negligence
for a person to walk upon the track of a railroad, whether
laid in the street or upon the open field, and he who de-
liberately does so will be presumed to assume the risk of the
perils he may encounter." After citing cases in support of
this rule, the court goes on to say: "Nor is there any dis-
tinction, in the application of this doctrine, between an
electric or cable line operated upon the public streets of a
city, and that of an ordinary steam railroad operated upon
the right of way of the corporation. While the deceased had

the undoubted right to a reasonable use of the public streets, notwithstanding its occupancy by defendant's tracks, he could not ignore or disregard the rights of the latter in the premises, nor neglect to take reasonable precautions for his own safety; if he chose to make use of the part of the street occupied by the tracks, it was his duty to look out for and endeavor to avoid the dangers incident to such use.''

In the Everett case the court was not dealing with the correctness of an instruction purporting to declare a rule of law for the guidance of a jury. It was passing upon the question whether, on the undisputed facts shown by the evidence, it appeared so clearly that the person injured had taken no precautions whatever to insure his own safety that it could be said, as matter of law, that he had been guilty of negligence. In answering this question in the affirmative, language was used which, while it was appropriate enough to the discussion of the particular facts presented, should not be taken as declaring a rule of law applicable to the cases of all persons proceeding along the tracks of a street-railway company. This is pointed out in *Clark* v. *Bennett*, 123 Cal. 275, [55 Pac. 908], where McFarland, J., one of the justices participating in the decision of the Everett case, says that ''that case . . . came here upon an exception to a denial of the court below of a motion for a nonsuit, and no question was presented touching the giving or refusal of instructions.'' (See, also, concurring opinion of Henshaw, J., in same case.) In cases of this character, we think the correct rule is that one riding or walking along the track of a street-railway company must use reasonable care in the exercise of his faculties of sight and hearing to watch and listen for cars going in either direction. A failure to hear or see the car is not, *per se,* proof of negligence in all cases. Whether such exercise of the faculties as, under all the circumstances of the case, was reasonable, would have averted the injury is a question of fact. The degree of vigilance to be exercised by the person on the track is to be determined by the jury, and not laid down as a matter of law, wherever the question of contributory negligence is proper to be submitted to the jury at all.

But in the case at bar, the fact that the instruction complained of went beyond the proper limits was not prejudicial to the appellant, for the reason that under any view of the

law, the undisputed evidence showed his conduct to be so lacking in every element of proper care for his own safety that the court would have been bound to set aside any verdict based upon a finding that he had not been guilty of contributory negligence. According to plaintiff's own testimony, he mounted his bicycle on Pasadena Avenue, and started in a southerly direction along said avenue. He was riding either upon the westerly track or between the two tracks of the defendant, when a car of the defendant came up behind him and struck him, inflicting the injuries complained of. He did not remember anything that occurred after he started to ride. The accident occurred in the daytime. A witness called by plaintiff testified—and this is not contradicted by any one—that plaintiff rode about a block and a half along the track before he was struck. There was ample room for him to ride on the street outside of the track. At the place where the accident occurred the track was straight. As has been stated, plaintiff was riding a bicycle, which, as he himself said, is "a very easy thing to turn from one point to another." All the evidence in the case, the plaintiff's as well as that introduced by the defendant, shows that the plaintiff was not aware of the approaching car till it was practically upon him. His health and hearing were good. Under these circumstances it is perfectly plain that his failure to see or hear the car must have been the result of absolute inattention to his situation and surroundings, and that he exercised no care whatever. To this phase of the case the decision in *Everett* v. *Los- Angeles Ry. Co.*, 115 Cal. 105, [43 Pac. 207, 46 Pac. 889], is applicable, and it is as true here as it was there, that as matter of law the appellant was guilty of contributory negligence. (See, also, *Robards* v. *Indianapolis Street Ry. Co.*, 32 Ind. App. 297, [66 N. E. 66, 67 N. E. 953]; *Morrissey* v. *Bridgeport Traction Co.*, 68 Conn. 215, [35 Atl. 1126]; *Beerman* v. *Union R. Co.*, 24 R. I. 275, [52 Atl. 190]; *McClellan* v. *Chippewa V. E. Ry. Co.* 110 Wis. 326, [85 N. E. 1018].) On the evidence the court would have been justified in instructing the jury that appellant was guilty of negligence contributing directly to the injury. He was therefore not harmed by the action of the court in submitting this question to the jury on erroneous instructions, since there was no evidence which would

have sustained a finding in his favor under the view of the law most advantageous to him.   Under these circumstances, error in the instructions furnishes no ground for reversal. (*Green* v. *Ophir etc. Co.*, 45 Cal. 522; *In re Briswalter*, 72 Cal. 109, [13 Pac. 164]; *Hughes* v. *Wheeler*, 76 Cal. 230; *Edwards* v. *Wagner*, 121 Cal. 376, [53 Pac. 821].)   It is no answer to this position to say that the record does not show all the evidence given at the trial, but only so much as is necessary to present the errors assigned.   It is incumbent upon the party appealing to show, not only abstract error, but error prejudicial to him upon the facts in evidence, and to avail himself of the point that an instruction was erroneous, he must bring before the court sufficient evidence to show that, upon a proper instruction, there might have been a finding in his favor.   If he does less than this he presents for consideration a mere question of abstract error.

It is further urged that the instruction quoted is erroneous for the reason that it deprives plaintiff of the right to recover, even though the defendant may have failed to avail itself of an opportunity to avoid the injury after having discovered the dangers of the position in which the plaintiff was.   But the instructions given by the court are to be taken as a whole. The jury was fully instructed as to the law of 'the "last clear chance" doctrine, and the charge, read in its entirety, could not have failed to convey a full understanding of the rights of the plaintiff in this regard, if indeed the facts of the case were such as to make this doctrine applicable.   (*Everett* v. *Los Angeles Ry. Co.*, 115 Cal. 105, [43 Pac. 207, 46 Pac. 889].)

2. The appellant also claims that the court erred in giving the following charge: "If you find from the evidence that the motorman in charge of defendant's car, when about a block away from the point of the accident, saw the plaintiff riding upon his bicycle between the inner rails of the defendant's east-and-west tracks, and far enough away from the track on which he was propelling his car so that his said car could have passed the said plaintiff safely and that he gave warning of his approach and that the front of his car did pass the plaintiff and that the plaintiff then, either through excitement or otherwise, lost his balance, veered in towards the car and that the hind step of said car struck plaintiff

and that the said car was traveling upon a straight track at the time of the accident, then I charge you gentlemen, that your verdict must be for the defendant.'' There was evidence in the record which, if believed by the jury, sustained each element of the hypothesis stated in this instruction, and, if the facts were found by the jury to be as stated, it is perfectly clear that the injury sustained was not the result of any fault of the defendant. While it is generally the better practice to merely instruct the jury as to the governing rules of law, rather than to attempt to apply these rules concretely to the various complicated states of facts that may be contended for by the respective parties, there was no error in the instruction given, and the appellant cannot have been prejudiced by it.

3. The third point relied on by the appellant is that the court erred in refusing to give the following instruction requested by him: ''The court instructs the jury that if there is no evidence to the contrary, the law presumes that the plaintiff looked and listened to ascertain whether a car was approaching him from the rear, before getting upon the defendant's street-car track, if they believe from the evidence that he did get upon said track.'' It is not necessary to decide in this case whether there is or is not any such presumption of law. The instruction in question was properly refused because it had no application to the facts of the case here presented. All of the evidence shows that the plaintiff· had been riding along or upon the track (in whichever position he was) for a block and a half before he was struck by the defendant's car. The only material question is whether he was guilty of negligence at the time of the injury. Whether he had exercised due care at the time he started to ride along the street, a block and a half back of the point of collision, is of no consequence in determining whether he was exercising due care at the time the car struck him.

The judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.