[L. A. No. 2622.   Department Two.—September 30, 1911.]

## THOMAS LAWYER, Appellant, v. LOS ANGELES PACIFIC COMPANY (a Corporation), Respondent.

NEGLIGENCE—ELECTRIC STREET-RAILWAY—WALKING BETWEEN TRACKS ON PUBLIC STREET.—Being between the tracks of an electric railroad upon a public street is not negligence *per se*. The street is for the use of the public, although the car, which can be operated only on the track, has the better right of way to that part of the thoroughfare, to which pedestrians must yield when necessary. The rights of a company operating street-cars are otherwise not superior to those of persons who may be walking on the street.

ID.—RIGHTS AND DUTIES OF PEDESTRIAN AND OPERATOR OF CAR.—The person walking upon that part of the street near the tracks of an electric railway has a right to believe that those in charge of the street-cars will operate them in the usual manner and will take the customary precautions. The rights and duties of such pedestrian and the motorman are reciprocal, and the conduct of either must be considered in the light of all the circumstances of the particular case in determining whether or not it amounted to negligence.

ID.—ACTS NOT NEGLIGENT.—No act which the majority of men would do under existing circumstances and which it may be presumed is usually done in safety is negligence *per se*.

ID.—NEGLIGENCE WHEN QUESTION FOR JURY.—In an action to recover damages for personal injuries arising from a collision with an electric street-car, if reasonable minds might draw different conclusions upon the question of plaintiff's contributory negligence, the question is one of fact for the jury.

Id.—Collision with Pedestrian—Car Approaching on Wrong Track—
Failure to Sound Bell or Whistle—Contributory Negligence
—Nonsuit.—The plaintiff, while walking in the evening on a public
street along a beaten pathway between the tracks of the defendant,
an electric street-railway company, was injured by a car of the
defendant, which approached him very rapidly from the rear with-
out any sound of bell or whistle, and moving contrary to custom on
the left-hand track. The plaintiff, seeing the flash of the headlight
on the track upon which the car proceeding in that direction was com-
monly operated, hastened to the left-hand track, a place supposed
by him to be a safe one, and which ordinarily would have placed
him out of danger. *Held,* that the question of plaintiff's contributory
negligence was one of fact for the jury, and that it was error to
grant a nonsuit.

Id.—Evidence—Ability to Hear Bell or Whistle at Distance.—In
an action to recover for personal injuries inflicted under such cir-
cumstances, in which issue is joined as to the defendant's alleged
act of negligence in omitting to sound a bell or whistle, a question
asked the plaintiff, if he could have heard any bell or whistle had
one been sounded within the specified distance from the place where
he was injured, calls for a conclusion of the witness, and an objec-
tion thereto is properly sustained.

Id.—Position of Danger of Plaintiff.—In such action, a question asked
a witness, as to whether or not when she first observed the plaintiff
about two hundred feet ahead of the car, he was in a position where
the car would strike him, asks for a conclusion drawn by the witness
from the facts, and an objection thereto is properly sustained.

Id.—Time before Brakes were Applied.—It is not error, in such action,
to sustain an objection to a question designed to elicit the length
of time that elapsed after the plaintiff was struck before the brakes
were applied to the car.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial. W.
R. Hervey, Judge.

The facts are stated in the opinion of the court.

Gray, Barker, Bowen, Allen, Van Dyke & Jutten, for Ap-
pellant.

Gurney E. Newlin, and Roy V. Reppy, for Respondent.

MELVIN, J.—Plaintiff appeals from the judgment and
from an order denying his motion for a new trial in his action
for damages for personal injuries. Defendant's motion for

nonsuit was granted, and we are called upon to determine whether or not the court erred in its action on said motion. The evidence in plaintiff's behalf showed that at the time of the injury he was walking between the tracks of the defendant corporation on Santa Monica Avenue in the county of Los Angeles. The hour was between seven and eight o'clock in the evening. Plaintiff left the car at Vermont Avenue and started westerly along Santa Monica Avenue toward his home. After walking about four blocks he came to a place where there was no sidewalk, and as the street was muddy he took a well beaten path near defendant's south track, which he followed in its course beside the track for a distance of one hundred and fifty feet, and then, still using the path, went across the south track to the space between the two tracks where the beaten footway continued. In his account of the accident plaintiff testified: "There was a street intersecting Santa Monica Avenue from the north and I had just passed, crossed that street on Santa Monica Avenue, about thirty feet, when I saw a light flash on the north track and I heard the car coming and then stepped back to the south track and I expected the car to run on the north track so I stepped to the south. I stopped and looked around facing the north and looked to the east. Just happened to look around and saw the car within ten feet of me and I made a quick dodge, but it came too fast. I could not dodge it. I dodged off towards the north track." The step of the car struck plaintiff and he sustained very severe injuries. At the time of the accident the rain was falling, the mud was deep, and the footpath between the tracks was the only convenient place for pedestrians. The space between the inner rails of the two tracks was about nine feet in width, and in this strip were placed the poles from which the trolley wires were suspended. The car was running very rapidly at the time of the accident and the bell had not been sounded nor had the whistle been blown while the car was traversing more than two blocks to the eastward of the point where plaintiff was struck. Contrary to custom, the car was being operated in a westerly direction on the south or left-hand track. Plaintiff's showing therefore is that he was proceeding along a beaten pathway between defendant's tracks, that defendant's car approached him from the rear without any sound of bell or whistle and moving contrary to

custom on the left-hand track; that seeing the flash of the headlight on the track upon which the car proceeding in that direction was commonly operated, he hastened to a place supposed by him to be a safe one and which ordinarily would have placed him out of danger; and that he was then struck by the car which was running very rapidly.

Respondent concedes that plaintiff introduced at the trial sufficient evidence to make out a *prima facie* case of negligence on the part of the defendant in the operation of the car, but the granting of the motion for nonsuit is defended upon the ground that the evidence conclusively established such negligence on the part of plaintiff as contributed proximately to cause the accident. Appellant insists that the question whether or not he was guilty of contributory negligence was one of fact for the jury, and that under the evidence his conduct was not such that the court could say as matter of law that he was guilty of negligence. Being between the tracks of an electric railroad upon a public street is not negligence *per se*. The street is for the use of the public, although the car, which can be operated only on the track, has the better right to that part of the thoroughfare, to which pedestrians must yield when necessary. The rights of a company operating street cars are otherwise not superior to those of persons who may be walking on the street. (See *Shea* v. *Potrero & Bay View R. R. Co.,* 44 Cal. 428; *Clark* v. *Bennett,* 123 Cal. 279, [55 Pac. 908]; *Scott* v. *San Bernardino Valley Traction Co.,* 152 Cal. 610, [93 Pac. 677].) The person walking upon that part of the street near the tracks of an electric railway has a right to believe that those in charge of the street cars will operate them in the usual manner and will take the customary precautions. The rights and duties of the pedestrian and the motorman in a case like this are reciprocal, and the conduct of either must be considered in the light of all of the circumstances of the particular case in determining whether or not it amounted to negligence. Here the plaintiff had the right to expect that defendant's servant would sound the warning bell as the car approached, particularly because he had just passed a cross street. He naturally and properly expected that any westbound car would be run according to custom on the north track. It is true that after plaintiff left the sidewalk, he saw a light in the direction of Vermont

Avenue, but it was more than one thousand feet distant, and he could not tell whether it was the headlight of a car or a street lamp. Under such circumstances it was not his duty to postpone his entry upon the path between the tracks until he became certain of the source of this light. His first intimation of the car's approach was the flashing of the headlight on the north track and the rumbling of the car. He was then near enough to the south track to be in danger from a car traveling on it, and out of the way of any car that might be moving on the north track. He walked about ten feet after he saw the flash of the headlight; turned toward the north and east, and then saw the car almost upon him approaching on the south track. There is some contradiction in his testimony regarding the number of feet traversed by him after he saw the gleam of the headlight, but we must take the version most favorable to plaintiff in determining the propriety of a nonsuit. Can we say that plaintiff's conduct under the circumstances disclosed by the evidence offered in his behalf amounted to negligence *per se?* No act "which the majority of men would do in the existing circumstances and which we may presume is usually done in safety is negligence *per se."* (*Scott* v. *San Bernardino Valley Traction Co.,* 152 Cal. 610, [93 Pac. 677].) Measured by this standard we think that the action of the court below in granting the motion for nonsuit was improper. This, we think, is clearly a case covered by the rule that "if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury." (*Johnson* v. *S. P. R. R. Co.,* 154 Cal. 295, [97 Pac. 525].) Our attention has been called to the case of *North Chicago St. R. R. Co.* v. *Irwin,* 202 Ill. 347, [66 N. E. 1077], which is almost on all fours with the one at bar. There the essential facts were as follows: Plaintiff's decedent was riding a bicycle between the tracks of the railroad company going in the same direction as the car. The hour was near midnight and the car, contrary to the usual custom, was running on the left-hand instead of the right-hand track. The speed was from twelve to fifteen miles an hour. When within twenty-five or thirty-five feet of the rider the motorman sounded his gong but did not slacken the speed of the car. The man on the bicycle turned to go from the space between the tracks upon the left-hand track and was struck by the car and

killed. In the opinion sustaining the denial of appellant corporation's motion for peremptory verdict in its favor, this language, peculiarly applicable to the matter we are here considering, is used: "Whether the motorman was in the exercise or ordinary care for the safety of persons who might be upon the street or the appellee's testator guilty of contributory negligence, were properly regarded by the trial court as being questions of fact. There was no allegation in the declaration that propelling the car northward upon the westerly or southbound track was an act of negligence, still the court did not err in permitting the appellee to prove the existence of the custom of running all northbound cars on the east track and all southbound cars on the west track. The existence of this custom entered into the consideration of the question whether the motorman was in the exercise of ordinary care in propelling the car northwards on the west track at such a rate of speed as twelve or fifteen miles per hour, and also bore upon the question of the carefulness or negligence of the deceased in leaving the space between the tracks and going upon the west track in order to be out of danger from a car moving northward."

The plaintiff, who was a witness in his own behalf (after he had testified that no bell or whistle was sounded on the approaching car before it struck him) was asked the following question: "If any bell or whistle had been sounded within two blocks from where you were struck that night, could you have heard it?" The court sustained the objection upon the ground that a conclusion of the witness was called for. This ruling was correct. The answer contained a denial of the allegation in the complaint that no bell was sounded and no whistle was blown as the car approached plaintiff. One of the questions which under the pleadings and proof the jury would have been called upon to determine was this issue of fact. The question propounded to Mr. Lawyer was not within the rule announced in *Raymond* v. *Glover,* 122 Cal. 471, [55 Pac. 398]. In that case a witness was permitted to testify that one person was within hearing of a remark made by another, on the ground that "non-professional witnesses are allowed to express opinions based on facts within their personal observation when the facts cannot be so described as to enable another to draw any intelligent conclusion therefrom."

The court properly refused to permit Miss Carrie Byers, a witness, to state whether or not when she first observed Mr. Lawyer about two hundred feet ahead of the car he was in a position where the car would strike him. Obviously any declaration on that subject would be a conclusion drawn by her from the facts—a deduction which the jury might make as well as the witness. However, on cross-examination Miss Byers did testify without objection that plaintiff was "where he would be hit."

The court did not err in sustaining the objection to the question propounded to witness Byers: "How long after Mr. Lawyer was struck was it before the brake was applied?" The speed of the car was a matter in issue, and there was some evidence regarding the distance the car moved after striking plaintiff. It therefore would have been proper to inquire at what *distance* from the point at which Mr. Lawyer was struck the brakes were applied, but we do not see how the length of time elapsing between the impact of the car against the man and the application of the brakes would be material.

No other suggested errors require attention.

The judgment and order are reversed.

Henshaw, J., and Lorigan, J., concurred.