[L. A. No. 3430.    Department One.—April, 3, 1915.]

## CHESTER BIDWELL, Respondent, v. LOS ANGELES AND SAN DIEGO BEACH RAILWAY COMPANY (a Corporation), Appellant.

NEGLIGENCE—COLLISION BETWEEN AUTOMOBILE AND RAILROAD MOTOR CAR—SUFFICIENCY OF EVIDENCE OF DEFENDANT'S NEGLIGENCE.— *Held,* that the evidence was sufficient to support the allegations that the defendants' negligence was the cause of the accident.

ID.—CONTRIBUTORY NEGLIGENCE—CROSSING STREET-CAR TRACK—FAILURE TO LOOK AND LISTEN.—The failure of a person to look and listen for an approaching car before crossing a street-car track in a city is not always and under all circumstances an act of negligence. Whether such failure amounts to negligence is sometimes a question to be determined by a jury.

ID.—CONTRIBUTORY NEGLIGENCE AN AFFIRMATIVE DEFENSE.—The defense of contributory negligence is an affirmative one and the burden of proving it rests upon the defendant. The defendant cannot rely on the failure of the plaintiff to prove that he was not guilty of negligence, but must produce or show evidence to prove it.

ID.—DEFENDANT MUST PROVE DEFENSE OF CONTRIBUTORY NEGLIGENCE IN FAILURE TO LOOK AND LISTEN.—If such failure of the plaintiff to look and listen for an approaching street-car is relied upon as establishing the defense of contributory negligence, it is incumbent upon the defendant to prove it, in the absence of evidence by the plaintiff that he failed to do so.

ID.—EVIDENCE THAT PLAINTIFF WAS NOT INTOXICATED AT TIME OF ACCIDENT.—In such action, the testimony of the plaintiff that two glasses of beer and a glass of wine which he had drunk during the afternoon and before the accident did not have any perceptible intoxicating effect on him, and the testimony of his companions and of other persons who saw him at the time of the accident, stating that he was not intoxicated, was properly admitted.

ID.—RAILROAD OPERATING MOTOR CAR ON CITY STREET—STREET RAILROAD AND STREET-CAR.—Where a railroad company operates a so-called "motor car" for the purpose of carrying passengers between different places, and uses in common with the public a city street as part of its course, it is, with respect to the road operated on such street, a "street-railroad," and the car is a "street-car," as those terms are defined by the authorities, so far as the duties and obligations of its operators and persons about to cross the track, respectively, to use ordinary care are concerned.

ID.—INSTRUCTION AS TO RIGHTS TO USE CITY STREETS.—An instruction to the effect that neither the defendant nor the plaintiff had the

exclusive right to use the city streets at the crossing; that neither had a superior right to the other thereon, and that each would be obliged "to take reasonable precaution to avoid collision each with the other," when taken in connection with a part of another instruction which stated that a motor car would have the preference in crossing first at the intersection, was not erroneous.

ID.—RIGHT TO PASS OVER STREET-CROSSING—REASONABLE CARE.—An instruction declaring in substance that both the plaintiff and the defendant had lawful right to pass over the intersection, and to "require reasonable care and caution of those traveling on the other road to avoid collision," is proper. Such instruction does not declare that the plaintiff had the right to be negligent himself and charge the defendant with the consequences.

ID.—INSTRUCTION AS TO CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE —LAST CLEAR CHANCE.—An instruction requested by the defendant, which after defining the plaintiff's duty to look and listen before going upon the track of the defendant, proceeded to state that if he failed to perform such duty "then plaintiff was guilty of contributory negligence proximately causing the accident and cannot recover," is properly modified so as to leave to the jury the determination of the question whether such contributory negligence was the proximate cause of the accident. The plaintiff may have been guilty of contributory negligence, and yet, under the doctrine of "the last clear chance," such negligence might not have been the proximate cause of the accident.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Leovy & Leovy, George J. Leovy, and Thomas M. Leovy, for Appellant.

James E. Wadham, Wadham & Cosgrove, and A. H. Sweet, for Respondent.

SHAW, J.—The appeals of the defendant are from the judgment and from an order denying a new trial.

The action was to recover damages alleged to have been caused to plaintiff by the negligence of the defendant. The complaint alleges that the plaintiff was driving his automobile along India Street in San Diego, at the intersection of that street with C Street, that the defendant was operating a

railroad upon a track laid along C Street and crossing said intersection, that while plaintiff was crossing the said car line in his automobile, the defendant ran a motor car backward on said car line without lights thereon or therein, and so carelessly and negligently managed said car that it struck plaintiff's automobile, greatly damaging the same and causing serious bodily injuries to plaintiff. The complaint is in two counts, one for the recovery of damages for the bodily injuries, the other for the damage to the automobile. The defendant pleaded contributory negligence of the plaintiff as an affirmative defense. The answer also denied the allegations of the complaint relating to the negligence of the defendant.

The defendant claims that the evidence is insufficient to prove that the defendant was negligent as alleged. The plaintiff testified, in effect, that as he was driving his automobile over the said crossing, along India Street, crossing the said car track at right angles, the defendant's car struck the automobile and caused the injuries complained of; that it was a dark night and that he did not see the car until it was within five feet of him, that the car had no headlight or rear light and was not lighted on the inside or at all, that the night was so dark that he could not see the car, that no gong or bell was sounded, or other warning given, by the persons in charge of the car or by any other person, that the lights on the automobile were lighted at the time, that the car, after striking the automobile, ran about fifty feet further along the track, pushing the automobile with it, before it came to a stop. It also appeared that its rear truck had then left the track and that the car was backing along the track when the collision occurred. Two other persons who were riding in the automobile with Bidwell at the time of the accident, and a person who saw the accident while standing near the intersection, also testified, corroborating the plaintiff in all material particulars. This evidence is sufficient to support the allegation that the defendant's negligence was the cause of the accident. There was evidence of witnesses produced by the defendant which flatly contradicted the direct testimony of plaintiff's witnesses concerning the absence of lights and the failure to sound the gong or bell. The finding of the jury upon this conflicting evidence cannot be reviewed on appeal. We must, therefore, hold that the evidence of the defendant's negligence was sufficient to support the verdict.

It is also claimed that the evidence showed that the negligence of the plaintiff contributed to the injury. It is said on this point, that it was the plaintiff's duty to look and listen before attempting to cross the defendant's car track and that there is no evidence that he did either. The failure of a person to look or listen for an approaching car before crossing a street-car track in a city is not always and under all circumstances an act of negligence. (*Hamlin* v. *Pacific etc. Co.,* 150 Cal. 779; [89 Pac. 1109]; *Scott* v. *San Bernardino etc. Co.,* 152 Cal. 610, [93 Pac. 677]; *Lawyer* v. *Los Angeles etc. Co.,* 161 Cal. 56 [118 Pac. 237]; *Roberts* v. *Spokane etc. Co.,* 23 Wash. 335 [54 L. R. A. 134, 63 Pac. 506]; *Traver* v. *Spokane etc. Co.,* 25 Wash. 237 [65 Pac. 284]; 36 Cyc. 1554.) The defendant was operating a railroad line carrying passengers between San Diego and La Jolla, one of its suburban resorts. The car in question was a so-called "motor car" propelled by a gasoline engine located at one end of the car in front of the space occupied by passengers. The defendant did not have the exclusive right to use C Street in that part of its course. It was used in common by the defendant and other vehicles. In the manner in which the road was operated on that street, the railroad was a "street railroad," and the car was a "street car" as those terms are defined by the authorities, so far as the duties and obligations of its operators and persons about to cross the track, respectively, to use ordinary care was concerned. (36 Cyc. 1545.) According to the authorities above cited, the failure of plaintiff to look and listen, if it is assumed that he did fail, was therefore not, as matter of law, negligence on his part, but at most, a question to be determined by the jury. But aside from this question, the point is without merit. The defense of contributory negligence is an affirmative one and the burden of proving it rests upon the defendant. The defendant cannot rely on the failure of the plaintiff to prove that he was not guilty of negligence, but must produce or show evidence to prove it. (*Zibbell* v. *Southern Pacific Co.,* 160 Cal. 241, [116 Pac. 513].) The plaintiff, it is true, did not testify that he did look and listen to ascertain if a car was approaching before starting to cross the track, although his testimony is that he would have seen the car if it had been lighted, but on the other hand he did not testify that he did not look or listen and the evidence does not show that he failed to do so. As the burden

was on the defendant to prove such failure it cannot be said that contributory negligence was established or that the verdict was contrary to the evidence with respect to that subject.

The testimony of the plaintiff that the two glasses of beer and the glass of wine which he had drunk during the afternoon and before the accident did not have any perceptible intoxicating effect on him, and the testimony of his two companions and of other persons who saw him at the time of the accident, stating that he was not intoxicated, was properly admitted. *People* v. *Monteith,* 73 Cal. 8, [14 Pac. 373] ; *People* v. *Sehorn,* 116 Cal. 511; [48 Pac. 495] ; *People* v. *Hill,* 123 Cal. 51, [55 Pac. 692].)

Instruction 5 to the effect that neither the defendant nor the plaintiff had the exclusive right to use the said streets at said intersection; that neither had a superior right to the other thereon, and that each would be obliged "to take reasonable precaution to avoid collision each with the other," when taken in connection with that part of instruction 7 which states that a motor car would have the preference in crossing first at said intersection, was not erroneous. (*Lawyer* v. *Los Angeles etc. Co.,* 161 Cal. 56, [118 Pac. 237] ; *Hamlin* v. *Pacific etc. Co.,* 150 Cal. 779, [89 Pac. 1109] ; *Scott* v. *San Bernardino etc. Co.,* 152 Cal. 610, [93 Pac. 677].)

The part of instruction 7 declaring in substance that both the plaintiff and defendant had lawful right to pass over the intersection, and to "require reasonable care and caution of those traveling on the other road to avoid collision," is in harmony with the law given in the cases last above cited. It does not, as appellant seems to claim, declare that the plaintiff had the right to be negligent himself and charge the defendant with the consequences.

The defendant requested the court to instruct the jury as follows:

29a. "Plaintiff has testified that at the time and prior to the accident he knew of the crossing where the accident of this defendant occurred, and that the motor car of defendant ran thereon, and such evidence is uncontradicted.

"Under these circumstances it was his duty to look and listen before going upon the track of defendant, and if you find from the evidence that an ordinarily careful and prudent man in possession of all his faculties, had he looked and listened, would have become aware of the approach of said

motor car and the danger of collision in time to have avoided said accident by the use of ordinary care and prudence; and that plaintiff failed to look or listen and went upon said crossing when it was too late for defendant's employee operating said motor car, by the use of ordinary care, to have avoided said accident, (then plaintiff was guilty of contributory negligence proximately causing the accident and cannot recover.)''

The court modified this instruction by striking out the portion included in parenthesis, and inserting the following:

"Then plaintiff was guilty of contributory negligence, and if you find that such negligence was the proximate cause of the accident, the plaintiff cannot recover,'' and as so modified the instruction was given and numbered 29.

We think this modification was properly made. The plaintiff may have been guilty of contributory negligence, and yet under the doctrine of the "last clear chance,'' such negligence might not have been the proximate cause of the accident. (*Green* v. *Los Angeles T. Ry. Co.*, 143 Cal. 41, [101 Am. St. Rep. 68, 76 Pac. 719].) That question was properly left for the jury to determine.

Certain instructions, asked by the defendant and refused by the court, to the effect that if the plaintiff knew of the existence of the track crossing the street at that point, he should look and listen for a car approaching thereon, in so far as they correctly state the law, are fully covered by the instruction 29a above quoted.

We do not find any other point mentioned in the briefs that we consider worthy of notice.

The judgment and order are affirmed.

Sloss, J., and Angellotti, C. J., concurred.