[Civ. No. 11280.  Second Appellate District, Division Two.—March 2, 1937.]

CARRIE AURENZ, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation) et al., Respondents.

Joseph Anderson for Appellant.

Gibson, Dunn & Crutcher and E. H. Chapman for Respondents.

McCOMB, J., *pro tem.*—Plaintiff appeals from a judgment in favor of defendants after a trial before a jury.

Viewing the evidence most favorable to defendant (*Ah Gett* v. *Carr,* 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are:

Cypress Avenue runs in a northerly and southerly direction in the city of Los Angeles where it intercepts Future Street, which lies in an easterly and westerly direction. On February 28, 1936, plaintiff while driving westerly on Future Street was struck at the intersection by defendant's street car traveling in a southerly direction. As a result of the accident plaintiff suffered serious injuries.

The questions presented for determination are these:

*First: Was it prejudicially erroneous for the trial court at defendant's request to instruct the jury as follows:*

*"It was the duty of Carrie Aurenz to look and listen in approaching the railroad crossing and to look at such point where such looking would be effective. If there was any obstruction to her view, then common prudence under such circumstances would require that she come to a full stop before attempting to cross the track and allow said southbound car to move out of her field of vision or that she look immediately upon being able to look past such obstruction and that she see and heed that which might be approaching on the railroad tracks within her range of vision, and if she failed in these respects, she was guilty of negligence and if such negligence contributed proximately in any degree to the cause of the accident, then the plaintiff cannot recover and your verdict must be against her and in favor of the defendant."*

*Second: If the foregoing instruction was erroneous, did the trial court correct this error by withdrawing the instruction from the consideration of the jury?*

█ The first question must be answered in the affirmative. This instruction was prejudicially erroneous for two reasons:

(1) The jury was misinstructed as to the law, in that the instruction required the plaintiff to come to a full stop before attempting to cross defendant's street car track. This is not

the law in California. The correct rule is that the traveler is required to exercise only that degree of care and prudence, which men who possess those qualities in an ordinary or average degree use. (*Clark* v. *Bennett*, 123 Cal. 275, 279 [55 Pac. 908]; *Dawson* v. *San Diego Elec. Ry. Co.*, 82 Cal. App. 141, 147 [255 Pac. 215].)

■ (2) It was conceded by defendant that there was no evidence of any car obstructing plaintiff's vision. Therefore it was erroneous to instruct the jury that, if there was any obstruction to plaintiff's view, then she should come to a full stop before attempting to cross the street car track "and allow said southbound car to move out of her field of vision". The giving of an instruction which finds no support in the evidence is improper. (*Scandalis* v. *Jenny*, 132 Cal. App. 307, 313 [22 Pac. (2d) 545]; *Buttrick* v. *Pacific Elec. Ry. Co.*, 86 Cal. App. 136, 139 [260 Pac. 588].)

■ The second question must be answered in the negative. After the instruction set forth above had been read to the jury the record discloses the following occurred:

"Mr. Chapman: Pardon me, Your Honor: I don't like to interrupt, but I would like permission to withdraw part of that last instruction before the last instruction, which contained reference to a southbound car. It is apparently a typographical error in our office. I think that was taken from another case in which there was a car that obstructed the vision of the driver. I don't want the jury to be confused on that. There is no evidence of any car obstructing the vision. I didn't notice it before.

"The Court: I don't see anything about a car in here.

"Mr. Chapman: I think the one just before, where it says, 'if there was any obstruction to her vision'.

"The Court: Well, that is all right. It didn't say anything about a car.

"Mr. Chapman: Maybe I was wrong.

"The Court: I will read it again for your benefit.

. . . . . . . . . . . . .

"Mr. Chapman: Thank you.

"The Court: 'It was the duty of Carrie Aurenz to look and listen in approaching the railroad crossing and to look at such point where such looking would be effective. If there was any obstruction to her view',—that comes within the evidence,—'then common prudence under such circumstances

would require that she come to a full stop before attempting to cross the tracks and allow said southbound car to move out of her field of vision or that—'

"Mr. Chapman: That is the part I wish to withdraw.

"The Court: This was a southbound car.

"Mr. Chapman: Yes, but I think the instruction as it is written implies that car was in her field of vision at the time of—

"The Court: I did not draw the instruction. If you want to take it out, we will take it out.

"Mr. Chapman: I would like to, your Honor.

"The Court: O.K. All right with me.

"Mr. Chapman: That particular portion was all I wanted, that southbound car.

"The Court: I will take it all out. There is no argument. I can't split it up now.

"Mr. Chapman: Thank you, Your Honor."

It is clear from a reading of the foregoing colloquy that it was nothing more nor less than a discussion between the judge and counsel for the defendant and it does not appear in the record that after the jury had been misinstructed as set forth, *supra*, the court withdrew the instruction from the jury or in any appropriate manner directed them to disregard it.

For the foregoing reasons the judgment is reversed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 24, 1937, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1937. Thompson, J., voted for a hearing.