[Civ. No. 11823. Second Appellate District, Division One.—November 27, 1939.]

CARRIE AURENZ, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation) et al., Respondents.

Joseph Anderson for Appellant.

Gibson, Dunn & Crutcher and E. H. Chapman for Respondents.

YORK, P. J.—Appellant sued respondent corporation for damages for personal injuries alleged to have been sustained by her in a collision between her automobile and a street car of said corporation, which was being operated by the respondent Cox, said accident occurring on February 28, 1936, at the intersection of Future Street and Cypress Avenue in the city of Los Angeles. In the first trial of the cause the jury disagreed and in the second trial a verdict was returned in favor of respondents. The judgment which was thereafter entered was reversed on appeal. (*Aurenz* v. *Los Angeles Ry Corp.*, 19 Cal. App. (2d) 401 [65 Pac. (2d) 910].) This is an appeal from a judgment of nonsuit rendered at the close of the third trial which was granted upon the ground that appellant was guilty of contributory negligence as a matter of law.

It is here urged by appellant that (1) this appeal is controlled by the law of the case of the former appeal, and (2) independently of the law of the case there is substantial evidence to support a verdict for appellant, consequently, the trial court committed reversible error when it granted respondents' motion for nonsuit.

In connection with her first point, appellant urges that the decision upon the former appeal "implicitly held the evidence sufficient to support a verdict for plaintiff should the jury return one".

In the first appeal (*Aurenz* v. *Los Angeles Ry. Corp.*, *supra*), the court said at page 402: "Viewing the evidence most favorable to defendant (*Ah Gett* v. *Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are: Cypress Avenue runs in a northerly and southerly direction in the city of Los Angeles where it intercepts Future Street which lies in an easterly and westerly direction. On February 28, 1936, plaintiff while driving westerly on Future Street was struck at the intersection by defendant's street car traveling in a southerly direction. As a result of the accident plaintiff suffered serious injuries." The court then proceeded to reverse the judgment in defendant's favor upon the ground that an instruction which was given to the jury was prejudicially erroneous, without making further reference to the evidence educed at the trial of the cause, except as follows: "The giving of an instruction which finds no support in the evidence is improper. (*Scandalis* v. *Jenny*, 132 Cal. App. 307, 313 [22 Pac. (2d) 545]; *Buttrick* v. *Pacific Elec. Ry. Co.*, 86 Cal. App. 136, 139 [260 Pac. 588].)"

In applying section 4½ of article VI of the Constitution to the factual situation presented by the case of *Shuey* v. *Asbury*, 5 Cal. (2d) 712, 713 [55 Pac. (2d) 1160], the court there stated: "It is now settled law that a judgment will not be reversed by reason of an erroneous instruction, unless upon a consideration of the entire case, including the evidence, it shall appear that such error has resulted in a miscarriage of justice. The usual consequence is, that there will be no cause for reversal unless the evidence indicates that without such error in the instructions the verdict probably would have been different from the verdict actually returned by the jury." See, also, *Wallace* v. *King*, 27 Cal. App. (2d) 174 [80 Pac. (2d) 523]; *Harkey* v. *Luckehe*, 19 Cal. App. (2d) 130 [65 Pac. (2d) 77]; *Hoyt* v. *Southern Pacific Co.*, 6 Cal. App. (2d) 49 [44 Pac. (2d) 363].

Therefore, in reversing the judgment in favor of the respondent corporation on the ground of prejudicially erroneous instructions (*Aurenz* v. *Los Angeles Ry. Corp.*, *supra*), the court undoubtedly considered the entire case including

the evidence, and concluded that "without such error in the instructions the verdict probably would have been different from the verdict actually returned by the jury". (*Shuey* v. *Asbury, supra.*) The effect of this would be to make the decision on the former appeal the law of the case if the evidence presented at the instant trial was *substantially* the same as that elicited at the second trial. (*Penziner* v. *West American Finance Co.*, 10 Cal. (2d) 160, 169 [74 Pac. (2d) 252].) Or, as stated in *Sheets* v. *Southern Pacific Co.*, 1 Cal. (2d) 408, at 411 [35 Pac. (2d) 121]: "The decision of the court on the former appeal is the law of the case. It was unquestionably so recognized by the trial court and as such is binding upon the parties and on this court on this appeal, provided the state of the facts now presented is *substantially* the same as shown on the former appeal. (*Klauber* v. *San Diego Street Car Co.*, 98 Cal. 105 [32 Pac. 876]; *Ellis* v. *Witmer*, 148 Cal. 528 [83 Pac. 800]; 2 Cal. Jur., pp. 944, 1042.)" (Emphasis added.)

The decision in the former appeal herein holds: "The jury was misinstructed as to the law, in that the instruction required the plaintiff to come to a full stop before attempting to cross defendant's street car track. This is not the law in California. The correct rule is that the traveler is required to exercise only that degree of care and prudence, which men who possess those qualities in an ordinary or average degree use. (*Clark* v. *Bennett*, 123 Cal. 275, 279 [55 Pac. 908]; *Dawson* v. *San Diego Elec. Ry. Co.*, 82 Cal. App. 141, 147 [255 Pac. 215].)"

"The law of the case extends to all matters without which the first decision could not have been rendered. (*Davis* v. *Edmonds*, 218 Cal. 355 [23 Pac. (2d) 289].)" *Coats* v. *General Motors Corp.*, 11 Cal. (2d) 601, at 607 [81 Pac. (2d) 906].

Respondents here urge that inasmuch as appellant admitted on cross-examination at the third trial that she did not look in the direction of the street car before driving upon the southbound tracks, that the case as presented the third time differs radically from the evidence educed at the second trial. Respondents further contend that certain additional evidence as to the period of time elapsing between the application by the motorman of the air brakes and when

they actually became effective had a most important bearing upon the ability of respondents to avoid the accident.

Upon both trials, appellant testified substantially as follows: That she was driving west on Future Street and as she approached its intersection with Cypress Avenue she stopped her automobile at a point six or seven feet east of the first or easterly rail of the northbound car tracks and looked both ways, but neither saw nor heard anything approaching; that she then shifted into low gear and started across the first track; that when she was ''on it'' she saw the street car which was then on the other, or north, side of Frederick Street (which point it was stipulated was 310 feet north of the intersection in question); that when she was midway between the northbound car tracks and the southbound car tracks, she shifted into second gear, but before she could get over the southbound car tracks the street car struck her right rear fender.

At the second trial, she testified that at the time she shifted into second gear she saw the street car approaching on the southbound tracks at a point ''about three-fourths of the block'' away; on the third trial she was asked: ''Where were the front wheels of your automobile when you shifted to second gear? A. Possibly in the center of the two, between the two tracks. Q. By that do you mean between the northbound tracks and the southbound tracks? A. Yes. Q. Did you look to the right at that point? A. No. Q. Then when the front wheels of your automobile got over on to the southbound tracks, you looked to the north and saw the street car about 125 feet away, is that right? A. On the first track of the second set of rails. Q. That would be the east rail of the southbound track? A. Yes, sir.''

Respondents urge ''It was upon this admission of plaintiff that she failed to look in the direction of the approaching car before entering upon the tracks that the court granted defendants' motion for nonsuit on the ground that plaintiff was guilty of contributory negligence as a matter of law.''

Appellant was required to use ordinary care in crossing the intersection in question. Whether she exercised such care as would have been exercised by a reasonably prudent person in failing to look as she shifted into second gear, is a question upon which reasonable men might differ, particularly in view of the fact that within a moment or two before

she had stopped and looked both ways as she attempted to cross Cypress Avenue, and had looked again when she was on the northbound car tracks at which time she saw the street car approaching from a distance of 310 feet to the north at a speed which she estimated to be 20 miles per hour.

At the second trial respondent Cox, the motorman who was operating the street car, testified that traveling at a speed of 15 miles per hour it would require approximately 60 to 75 feet to bring his car to a stop. At the third trial, this witness gave additional testimony, in which substantially the same stopping distance was estimated with the further qualification that there is an interval of about one second between the time the brakes are applied and the time when they actually take hold. At both trials this witness testified that he applied the brakes as soon as he saw the automobile, the evidence being in conflict as to the position of the street car when the automobile entered the intersection. At the third trial, it was stipulated that from the time respondent Cox first saw it until the point of impact appellant's automobile traveled 20 feet.

None of this additional evidence pointed out by respondents is essentially different from that received on the second trial, and under the law of the case it was a question of fact for the jury to say whether, considering all of the facts and circumstances presented by the evidence, appellant was guilty of contributory negligence.

It seems to be respondents' theory that the case "is governed by the rule of the steam road", and that appellant "in failing to look in the direction of anticipated danger was guilty of contributory negligence as a matter of law". This same contention was made in the case of *Wright* v. *Los Angeles Ry. Corp.,* 14 Cal. (2d) 168 [93 Pac. (2d) 135], in which a collision took place between an automobile and an interurban street car, as in the instant case, and it was there held by the Supreme Court that "the question whether the rule was applicable does not become material, in the instant case, in view of the fact that, according to her own testimony when plaintiff reached the intersection and was about to make the left turn, she *did* stop and look and that at that time she *saw* the street car (a block away). . . . Obviously, the purpose of the rule—that is, to cause plaintiff to become

aware of any possible danger which might exist from the fact that an interurban car or train was approaching in close proximity to her—was completely accomplished through the fact that after stopping her automobile and looking in the direction from which the street car of the defendant was approaching the intersection, she not only *saw* the street car, but also at the same time made an estimate of its distance from the intersection and the rate of speed at which it was traveling. In other words, plaintiff's error, if any, consisted not in a failure to observe that the street car was approaching the intersection, but in the making of a poor estimate as to its speed and distance." In the same opinion, the court quoting from the case of *Hamlin* v. *Pacific Elec. Ry. Co.*, 150 Cal. 776, 780, stated at page 154 [89 Pac. 1109] : "Manifestly, it is impossible for one driving a vehicle along a street to look in both directions at once, and it should ordinarily be left to the jury to determine under the circumstances of each particular case, what amount of vigilance was requisite in order to constitute due care."

Independently of the law of the case, the facts and circumstances revealed by the record herein are such that the question of appellant's contributory negligence should have been left to the determination of the jury.

As was said in *Estate of Lances,* 216 Cal. 397, 400 [14 Pac. (2d) 768], "A nonsuit or a directed verdict may be granted 'only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from the evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such a verdict were given.' (*Newson* v. *Hawley,* 205 Cal. 188 [270 Pac. 364] ; *Perera* v. *Panama-Pacific Int. Exp. Co.*, 179 Cal. 63 [175 Pac. 454] ; *Estate of Sharon,* 179 Cal. 447 [177 Pac. 283] ; *Estate of Gallo,* 61 Cal. App. 163, 175 [214 Pac. 496] ; 24 Cal. Jur., pp. 912–918.) ''

The decision on the first appeal having "implicitly held the evidence sufficient to support a verdict for plaintiff should the jury return one", as contended by appellant, the trial court was bound thereby and therefore erroneously granted the motion for nonsuit.

622

For the reasons stated, the judgment of nonsuit is reversed. The appeal from the order denying motion for new trial is dismissed.

Doran, J., and White, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1940.